Sewall, J.
Several questions have been argued in this case but it is not necessary to express a decision upon more than one of them, — that which goes to the form of the action, — as we are all of the opinion that this action, brought in the name of the officer, is not supported.
Public officers have been holden not liable for the contracts which they make in their public capacity, and in the course of their employment, for the public; and, upon this general principle, that in this agency they are merely servants, and not factors, who acquire an interest in their contracts for their principals. (3) But, generally speaking, in the contracts of public agents, as they are not in fact, so they are not in name, the parties. The public faith is engaged, and the personal credit of the agent is neither stipulated nor relied on. The rule opposed to the liability of public officers is in effect the constructive operation of the contract itself, and is equally applicable in many cases of contracts made by private agents or servants for their employers or masters. No agent or servant is liable, who, with proper authority, or in the course of his employment, stipulates in behalf of his principal, without engaging himself personally.
This case is to be decided by the construction of the contract upon which the original action was brought. Bowers shipped as a seaman in the service of the United States: the duty more immediately assigned to him happened to be on board a vessel of the United States, then commanded by Lieutenant Bainbridge, the plaintiff. The defendant, Downie, became a surety for Bowers upon the articles of enlistment; but both engagements — that of Bowers and the collateral one of Downie, upon which this action was brought— are with the United States. They only are parties to the considerations, acknowledgments, and undertakings, specified in [ * 258 ] these contracts ; and not the plaintiff, the public * officer, or a servant, acting in the course of his employment, in the name of the United- States, and in their service. We are, therefore, all of us, of the opinion that the remedy upon these contracts must be exclusively in the name of the United States; and we may add that this decision seems consonant to the public convenience in cases of this kind.

Judgment according to the verdict

 1 Cranch, 345.— 8 D. & E. 571.