Jones, J.,
dissenting.
This was an action brought by White against Bennett, in indebitatus assumpsit, for salt sold and delivered to him at. his special instance and request, on a quantum meruit, quantum valebant, and for moneys received to plaintiff’s use; to which the defendant pleaded non-assumpsit, and gave notice of a set-off.
By the bill of exceptions filed on the trial of the cause, it appears that the two following receipts were produced and read on behalf of the plaintiff: “Received, U. S. Saline, September 27th, 1816, of Leonard White, for and on account of the .United States, in good order, two hundred and forty-six barrels, containing twelve hundred and three bushels of salt, which I promise to deliver, in similar order, (dangers of the river only excepted,) unto Hugh H. Maxwell or order, at Kaskaskia, he or they paying freight at the rate of forty-five cents per bushel for the same. Signed W. G. Martin.” The other is: “ Received, Kaskaskia, October 22d, 1816, of W. G. Martin, one hundred and eighty-six barrels of salt, containing nine hundred and thirty-five bushels and nineteen pounds of salt, as marked on the barrels, on account of the United States. Received by me, William Bennett.” It was admitted and proved that this was part of the same salt received by Martin from White. It was also proved that Bennett had admitted the receipt of the salt, and had promised White to pay the value, one half the ensuing winter, (1819, 1820,) and the other half the next spring, (1820;) that the Court decided the plaintiff could not maintain the action, on the ground that the plaintiff was the agent of the United States; the plaintiff excepted to this opinion, and the cause is brought to this Court by writ of error.
It was contended by the counsel for the plaintiff, that he was not only the agent, but the factor and bailee of the United States, and they have cited several authorities which go to prove, that a factor, agent, or bailee, may maintain trespass, trover, or detinue, against wrong doers, and that possession, whether general or qualified, gives a right of action against those who rr.ay deprive them of that possession. They are correct in these positions, and they would well apply if the action had been trover, detinue, or trespass, and Bennett had got the salt into his hands by any improper or illegal means. But as this action is one of indebitatus assumpsit, the question before the Court is: first, whether Bennett is accountable on his receipt to While, or to the United States; and if to the former, Second, whether he, as agent, factor, or bailee, jean recover against Bennett, in this form of action. It appears from Martin’s receipt to White, and Bennett’s receipt to Martin, that the salt was the property of the United States; it was delivered to Martin, by White, as their property, and was received bj’ Bennett as such. This possession, therefore, was not a tortious one, so as to subject him to an action of trespass, or trover, at the suit of the United States, much less so of the plaintiff, their agent. It does not appear, either from the bill of exceptions, or any other part of the record, that Bennett, at the time he received the salt, was informed, or had any knowledge of White, in the transaction between him and Martin. The contrary is to be inferred from the receipt; for if it had been intended he should account to White, it would have been so expressed, in which case the United States could have no claim against him. There is, in my opinion, a difference between an (105) agent, and a factor; the one must act in the name of his employer, but the other may, and indeed generally does act in his own name, without making any kind of reference to his principal. The capacity that White acted in, at the time of the *73 delivery of the salt to Martin, was merely that of an agent, and the nature of the receipt taken by him from Martin, clearly proves it, for if the salt was his own property, the receipt would have been couched in a far different manner from what it is. Let us consider the subject in another point of view, and inquire on whom would the loss have fallen, in case the boat had sunk in carrying the salt to Kaskaskia, or ¡that Bennett had proved insolvent, and had not been able to pay for the quantity received by him: most clearly, the United States; and Mr. White (call him either agent or factor) would not have been accountable, as both the receipts are express, that the salt was to be accounted for to the United States, which, in my opinion, are as strong as if they had been expressed to have been received of the United States, by the hands, in the first instance, of Mr. White, in the latter, of Mr. Martin. To suppose, for a moment, that the salt was really Mr. White’s, and not the United otates’, might have the effect of casting odium on the former,.who I know to be an honorable man, and incapable of doing any mean or dishonorable action. If, as is 'contended, this action can be sustained against the defendant, we must inquire what would be the legal consequence? Bennett could not, by any kind of averment, plead it in bar to an action brought against him by the United States, on his receipt, as their name is not as much as hinted at in any part of the pleadings. He might, with the same propriety, be liable to the action of Martin, for goods and salt sold ■and delivered by him, and the receipt brought in evidence to support it; and another action might be brought against Martin by White, on his (Martin’s) bill of lading, for salt to him sold and delivered by White.
To support an action of indebitatus assumpsit, there must be a precedent debt or duty, in which case, if there is no express promise, an implied one is raised by law. (106) A promise, whether express or implied, must be made on a valuable consideration ; and a party to whom such promise is made, must have a bona fide interest in the debt or thing demanded. Byneither of these criterions is this action sustainable, in my opinion. The salt, or the value of it, must be accounted for to the United States, not to White. Bennett has received no valuable consideration from the plaintiff, nor has he, the plaintiff, any beneficial interest in the salt, or its proceeds. It is, however, contended, that the promise made by Bennett, to pay White, in the winter of 1815, and spring of 1820, is a sufficient consideration in law, to enable White to support his action. I cannot think so, and will give my reasons. A naked promise, without any consideration, is void, and no action can be maintained on it. The only consideration attempted to be set up, is the salt, which Bennett received on account of the United States, to whom alone, is he responsible; and this promise, taking the whole circumstances into view, must be construed to have been made to White, m his quality of agent. The plaintiff’s counsel have cited no authorises which show, that an agent, while acting in the name of his principal, can support an action in his own individual capacity, for a wrong done, or for a debt due his employer, or principal; but the defendant’s counsel have cited several, which incontestibly prove the law to be, that agents cannot maintain actions in their own name, for debts or duties due to their principals ; 3 Bos. and Pull. 147; 6 Mass. Rep. 253; 10 Johnson’s Rep. 387, are express, and in point; numbers of- other authorities are to the same purpose.
My opinion is, that there is no error in the judgment of the Circuit Court, and that It ought to be affirmed with costs.