ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

## STATE OF CONNECTICUT.

--------------------------------

## Townsend *against* Hoyle and others.

Where sundry proprietors of lots fronting on a strip of land, which had been thrown open and occupied as a highway or street in the city of *N. H.*, to a small part of which *G* claimed a subsisting and exclusive title, signed a writing, addressed to the city authorities, requesting them to lay out such street according to law, and assess the damages, which the applicants thereby agreed to pay to the city treasurer; and this request having been complied with, *A*, describing himself as city treasurer, brought an action, founded on the writing, to recover such damages; it was held, that as the promise was neither made with *A*, nor on his account, the action brought was not sustainable.

Where it was urged, as a further ground of defence to such action, that the undertaking of the defendants was void, for want of consideration, and as being against the policy of the law; it was held, that as the defendants had a peculiar and local interest in the granting of their request beyond that which they had in common with other citizens, they might legally bind themselves to indemnify the city. [One judge dissenting.]

Where it was objected to the validity of the laying-out of a street in the city of *N. H.*, that only the *South* line of the street was run, and it was not found to be of common convenience and necessity; and it appeared, that the land of this street having been dedicated by the owners, it had been opened and occupied as a public street, for several years, and its limits defined by buildings and fences on both sides; after which, the street, as thus dedicated and occupied, was accepted, as a public highway, by the city authorities; it was held, that though the survey mentioned only the *South* line, the street was sufficiently laid out and established.

City highways must be recorded in the city records, but need not be, in the records of the town.

THIS was an action of *assumpsit*, brought by *Amos Townsend*, jun., as treasurer of the city of *New-Haven*, to recover of the defendants the damages assessed for the laying-out of *St. John* street in that city.

The cause was tried, on the general issue, at *New-Haven, January* term, 1849.

In support of the undertaking set forth in the declaration, the plaintiff introduced the following writing, signed by the defendants: "Mayor, aldermen and common council. We, your petitioners, would ask your honourable body to lay out *St. John* street, and, by appraisers, according to law, to rate and value all damages of laying-out, and such property as lies in said street, for which we, the signers of this petition, agree to pay to the city treasurer." The plaintiff also claimed to have proved, that a certain parcel of land lying within the city of *New-Haven,* had formerly been laid or thrown open for public use, by the proprietors thereof on each side, and had been, by them, opened and dedicated to the public, as an open street or public highway, running *East* and *West*, and known by the name of *St. John* street; that the proprietors had erected dwelling-houses and other buildings on each side of said street; and that said street had been thus opened and occupied as a public street, for ten or twelve years, and its limits marked and defined, by buildings and fences, on both sides thereof. It was also claimed and admitted, that one *Nelson H. Gaston* owned, or claimed to own, a narrow strip of land, about one or two feet in width, running parallel with and near to the side-walk on the *South* side of the street; which *Gaston* claimed he had not relinquished or dedicated to public use, as part of the street. The plaintiff then claimed to have proved, that the sole object of the defendants in making the application above stated, was, to remove the claim of *Gaston* to said strip of land, which lay in the street in front of their lands and buildings, and interfered with their free passage one way and the other. They therefore desired said street to be laid out or accepted, by the city authorities, as a public street, as well for their own individual benefit, as for the public use.

For the purpose of proving that said street had been laid out and accepted as a public street, within the meaning of the writing signed by the defendants, the plaintiff intro-

duced in evidence, a copy of the proceedings of the mayor, aldermen and common council of the city of *New-Haven*, at a meeting held on the 26th of *August*, 1847. This document purported to be a survey and laying-out of the *South* line of *St. John* street, specifying the *termini*, with the intermediate courses and distances; "taking into said street a narrow strip of land, owned by *N. H. Gaston*, beginning &c., and extending about 140 feet in length, and varying from 1 to 3 feet in width." At a meeting of the freemen of the city, held on the 20th of *October*, 1847, this survey and laying-out was approved; and *St. John* street, so surveyed and laid out, was accepted as a public highway. It was proved, that some or all of the defendants, as well as *Gaston*, were present, when such survey of the *South* line of the street was made; and no one claimed to have the *North* side surveyed, or objected to the proceedings. The sum assessed to *Gaston* as damages, was 375 dollars.

Upon the facts so claimed and proved, the plaintiff insisted, that he had right to recover in this action.

The defendants claimed, and requested the court to charge the jury, 1. That if the defendants were liable at all, no action could be maintained against them, by the present plaintiff, but only by the city of *New-Haven*. 2. That *St. John* street had not been *laid out*, within the meaning of the defendants' undertaking; because the *North* line of the street was not run; because the width of the street was not defined; because it was not found to be of common convenience and necessity; and because the proceedings were not recorded in the records of the town of *New-Haven*. 3. That the undertaking of the defendants was without consideration, and against the policy of the law.

The court charged the jury, 1. That if from the facts claimed and proved, the defendants were liable upon their undertaking, this action might be sustained, by the present plaintiff. [This was stated *pro forma*.]

2. That the survey of the *South* line of *St. John* street, the taking and appraising of the land of *Gaston*, and the declaring of the land occupied as a street to be a public street, with the assent of the defendants, as claimed by the plaintiff, was a sufficient acceptance of the street so dedicated to the public, and a sufficient laying-out of the same, within the

*New-Haven,*
*July,* 1849.

Townsend
*v.*
Hoyle.

*New-Haven,*
*July, 1849.*

Townsend
*v.*
Hoyle.

meaning of the writing signed by the defendants, although the proceedings had not been recorded on the records of the town of *New-Haven,* and although said street was not declared to be of public convenience and necessity.

3. That if the defendants made their application for the laying-out of the street, as well for their own individual benefit as for the use of the public, as the plaintiff claimed ; this constituted a good consideration for the promise of the defendants, and such promise was not void as being against the policy of the law.

The jury returned a verdict for plaintiff, and the defendants moved for a new trial for a misdirection.

*C. A. Ingersoll,* (with whom was *Bristol,*) in support of the motion, contended, 1. That the plaintiff had no legal right to sue upon the contract declared on. *Piggott* v. *Thompson,* 9 *Bos. & Pul.* 147.   *Gilmore* v. *Pope,* 5 *Mass. R.* 491.   *Bainbridge* v. *Downie,* 6 *Mass. R.* 253. 258. *Gunn* v. *Cantine,* 10 *Johns. R.* 387.   *Spencer* v. *Huntington,* 6 *Conn. R.* 312.   *Bissell* v. *Spencer,* 9 *Conn. R.* 267. *Buckbee* v. *Brown,* 21 *Wend.* 110.   *Sailly* v. *Cleveland,* 10 *Wend.* 156.   *Ham. on Part.* 3.   *Chitt. Cont.* 53.

2. That the consideration upon which the promise was made, has not been performed : in other words, the consideration has failed.   First, it is not found, that the highway was needed.   Secondly, no survey or laying-out has been recorded in the town records.   Thirdly, there has been no highway surveyed, by the mayor, aldermen and common council of the city.   *Beardslee* v. *French,* 7 *Conn. R.* 125. *Hinckley* v. *Hastings,* 2 *Pick.* 162.

3. That the consideration, if performed, was not such an one as would sustain the promise.   If the highway was needful, it was the duty of the city authorities to open it, and pay for it ; and a promise to pay money, in consideration that the promisee will do that which it is his duty to do, is of no validity.   *Chitt. Cont.* 52.

4. That the promise of the defendants was against the policy of the law.   *Chitt. Cont.* 673. 677.   *Fuller* v. *Dame,* 18 *Pick.* 472.   *Commonwealth* v. *Sawin,* 2 *Pick.* 547.   *Parks* v. *Boston,* 8 *Pick.* 218.

*Dutton*, (with whom was *E. K. Foster*,) contra, contended, 1. That the consideration of the defendants' promise was sufficient. In the first place, they, from their local situation, were principally interested in the laying-out, and would be peculiarly benefited thereby. It would not only promote their convenience, but it would render their property more valuable. Secondly, the defendants received at least a benefit in common with the other citizens, and were jointly liable with them for the expense. This is a sufficient consideration for a several promise. Thirdly, the transaction may be regarded as a promise to pay the city treasurer, for the benefit of *Gaston*, and as an agreement with *Gaston* to pay him, if he would dedicate his land.

*New-Haven,*
July, 1849.

Townsend
*v.*
Hoyle.

2. That there was nothing in the case contrary to public policy. The law favours the laying-out of highways; and its policy is, to make those pay who receive the benefit.

3. That the laying-out of *St. John* street, was legal. The charter of the city gives power to the mayor, aldermen and common council to lay out and alter highways; and they are the sole judges of the *convenience and necessity*.

4. That the action will lie in the name of the city treasurer. Here it is to be considered, in the first place, that the promisee is often contingent, when the promise is made; as in the case of rewards offered in advertisements. Secondly, the plaintiff need not have advanced the consideration. If *A* agree with *B*, to pay *C* a sum of money, *C* may sustain the suit. *Felton* v. *Dickinson*, 10 *Mass. R.* 287. *Cabot* v. *Haskins*, 3 *Pick.* 83. Thirdly, where a promise is made to a treasurer, by the name of his office, he can bring the suit. *Fisher* v. *Ellis*, exr., 3 *Pick.* 322. *Thompson* v. *Page*, 1 *Metc.* 565. In the case last cited, the treasurer was to be appointed after the promise.

ELLSWORTH, J. Of the several objections which are made in this case, there is only one that is attended with serious difficulty; and that is, sueing in the name of *Townsend*, the treasurer.

The promise was made to the city of *New-Haven*, and not to this plaintiff; nor has he any interest in the fulfillment of it, to be entitled to damages for its breach. Although the promise is to pay him, it is neither made with him, nor on his account; and without one or the other of those requisites,

we know of no law that will permit *Townsend* to sue for him-self, or for the city, in his name.

This principle was established in *Piggot* v. *Thompson*, 3 *B. & P.* 147., half a century since,—a leading case, ever since followed. There, a promise was made to commis-sioners for draining lands, (a corporate body,) to pay their treasurer certain tolls. All the judges held, it was a promise to the corporate body only, and the treasurer had nothing to do with it, merely because he was designated to receive the money. So in *Gilmore* v. *Pope*, 5 *Mass. R.* 491, on a prom-ise to pay installments to "*A B*, agent," it was held, the agent could not sue in his own name. The same was held in *Bainbridge* v. *Downie*, 6 *Mass. R.* 253, and in *Gunn* v. *Cantine*, 10 *Johns. R.* 387; in which last case, the court say, "a mere agent or attorney, not having any beneficial interest in a contract, cannot maintain an action upon it, in his own name." The same doctrine is affirmed in our court, in *Spencer* v. *Huntington*, 6 *Conn. R.* 312, and in *Bissell* v. *Spencer*, 9 *Conn. R.* 267. So in *Buckbee* v *Brown*, 21 *Wend.* 110. and *Sailly* v. *Cleveland*, 10 *Wend.* 157.

We know of no cases which lay down a different doc-trine, unless it may be *Fish* v. *Ellis*, 3 *Pick.* 322, and *Thompson* v. *Page*, 1 *Metc.* 565. Whatever apparent au-thority those cases may afford, we do not think the court meant to hold differently from *Piggot* v. *Thompson*, and *Gilmore* v. *Pope ;* or to lay down any principle inconsistent with the views we have just expressed.

It was said, on the trial, the contract was void, for want of consideration; and furthermore, that it was against the policy of the law, as being an engagement to pay money to the city of *New-Haven*, for performing its duty.

We agree with the defendants' counsel, that a promise to pay public agents a premium for doing their duty, is illegal and void ; nor would we sustain a contract tending to such a consequence, or as being a restraint on the exercise of un-biased judgment. But this is not of that character. For many years, *St. John* street had been dedicated to the public use, and the only thing to be done, was to define it, and have it recorded. It is true, one *Gaston*, who had united in the act of dedication, claimed, that a narrow strip of a few feet near the middle of the road, had not been given up by him

to the public, for which he asked to be indemnified. The defendants, wishing to have this impediment removed, if indeed it existed, and the road accepted and recorded, applied, in form, to the city, to have *St. John* street laid out and defined—*i. e.* to be made entirely explicit—and then accepted and recorded. None of the parties expected a new highway to be laid out through private or enclosed land. This strip was to be taken, of course, and to be appraised, if need be ; and these defendants, having a special interest here, undertook to pay the damages. In this, we perceive nothing exceptionable, or of dangerous tendency. We see no temporizing with public agents, and no restraint upon a free and unbiased judgment.

Then, as to consideration. The defendants are not only benefited in common with other citizens, but, obviously they had a peculiar and local interest, and well might obligate themselves to indemnify the city for assuming the burthens and responsibilities of a new public highway.

This is all the determination the case calls for ; but we must not be considered as assenting to the proposition, that a promise by individuals to pay a part of the expenses of public improvements, ordered by public authority, is of course illegal and void. We think the amount of a public burthen, or the cost to the public of an improvement, may properly enough enter into the question of expediency or necessity. A canal, a rail-road, a bridge, a new street, a public square, or a sewer, is called for. If made in one way, or in one place, it will be much better for the public, though more expensive ; but individuals, especially benefited, stand ready, by giving their land, their money or their labour, to meet the extra expense. Will these promises be void, as being without consideration, or against public policy ? We think not.

It was further objected, that *St. John* street was not laid out by bounds and limits, nor recorded in the records of the town of *New-Haven,* nor found to be of common convenience and necessity. Our answer is, that this street, as dedicated and used, before the 26th of *August,* 1847, together with its new and exact *South* line in the report, with the little strip of *Gaston's* land, is sufficiently laid out and recognized, by the city of *New-Haven,* by its doings on the said 26th of *August.* City highways must be recorded in the

*New-Haven.*
*July, 1849.*

city records, and need not be, in the records of the town. A different construction of the statute would be novel and absurd.

Nor can it be necessary, for the common council, to preface their laying-out a highway, by declaring they find such highway expedient and necessary. This necessity is sufficiently implied in their action on the subject; inasmuch as they can act only in such a case. They certainly need not record their motives, where they have acknowledged jurisdiction to act. It might be otherwise, did their jurisdiction depend upon their first finding a preliminary fact to be true.

We advise a new trial.

CHURCH, Ch. J., and WAITE, J. concurred fully in this opinion. STORRS, J., concurred also as to the incapacity of the present plaintiff to sue; but would go further, and hold the undertaking of the defendants, without consideration, and opposed to public policy. HINMAN, J., being a citizen of *New-Haven*, declined giving any opinion.

New trial to be granted.