ELISHA PERKINS AND OTHERS *vs.* THE TOWN OF ANDOVER.

To sustain an application for the discontinuance of a highway established by a decree of the superior court, it is necessary for the applicants to show new matter accruing since the establishment of the highway.

That the selectmen of the town have, since the decree establishing the highway, with the approbation of the town, laid out, opened and worked a highway over substantially the same ground for one-third of the distance, is not a fact which will sustain such an application.

Nor the fact that a jury appointed to re-assess the damages to be paid to landowners, have raised the damages from the sum of $110, as allowed by the committee which laid out the highway, to the sum of $360.

Where, upon an application for the discontinuance of a highway established by a decree of the superior court, it appeared by the application and by the finding of the court thereon that the above facts were all the new matter relied upon, it was held that the application should not be referred to a committee but dismissed by the court.

PETITION for the discontinuance of a highway ; reserved for the advice of this court. The case is sufficiently stated in the opinion.

*Loomis* and *Strong*, for the petitioners.

*Brockway* and *Hyde*, for the respondents.

HINMAN, C. J. This is an application to discontinue a highway. It was brought to the December term of the superior court in 1862, and the highway which was sought to be discontinued was established at the preceding April term of the same year, and, except a section of about one-third of it, had never been worked or opened for public travel. The question arises, therefore, whether within the short time since the establishment of the highway and the bringing of this application for its discontinuance, any new matter is alleged and shown which is sufficient to relieve the case from the principle recognized and established by this court in the case of *Webb* v. *Rocky Hill*, 21 Conn., 468. It was held in that case to be incumbent on the applicants for the discontinuance of a highway established by a decree of the superior court, to show new matter arising since such establishment, or the matter was to be considered as *res adjudicata*, and no longer open to litigation. Now the matter which is claimed to be new, and to distinguish the case from the one referred to, consists of but two facts. First, that since the highway was established the selectmen of Andover have, with the approbation of the town, laid out, worked and opened for public travel another highway over the same ground substantially as that established by the superior court, but only for about one-third of its entire length ; and secondly, that after the committee had laid out the highway in question and had assessed the damages to individuals caused by it if finally established, and before the acceptance of their report by the court, the damages were increased by a jury empannelled to re-assess the same, from the sum of $110, allowed by the committee, to the sum of $360. Are these facts sufficient to relieve the case

Perkins *v.* Town of Andover.

from the rule laid down in the decision referred to? It appears to us that they are not.

In respect to the supposed establishment of a highway by the town authorities over a portion of the ground established as a highway by the previous action of the superior court, it is obvious that it was intended, so far as it extends, to be substituted for the latter. But it is very questionable whether it is competent for the selectmen to lay out a highway over ground covered by one previously established by the superior court, where, as in this instance, the objects of both of them are the same, and they both are to be used only by the same line of travel. There is certainly no necessity for any such exercise of authority. And it could not in any way affect the legality of the highway established by the court. It was therefore entirely useless, and if it has any weight as showing the necessity of a highway at the place and over the ground where it was established by the superior court, it is altogether against the town, since it amounts to an admission on the part of the town that the action of the superior court was in part at least necessary and proper. This action of the town therefore seems to amount to no more than this, that it has worked a part of the highway, the whole of which it was its duty to work and open for public travel under the order and decree of the superior court. And the town now attempts to set up this partial discharge of its duty as a reason and excuse for not performing the whole. Of course there can be nothing in this to vary the case in respect to the convenience and necessity of the whole road from what it was when the superior court established it as a highway.

The jury which re-assessed damages to individuals increased the damages to a considerable amount, thus making the expense of building the road greater than it was estimated to be by the committee who laid it out. Does this furnish a sufficient ground for an application to discontinue it? There is more plausibility in this claim than in the other, because the expense incident to the establishment of a new highway is always an element which enters into the question of its convenience and necessity. To justify the committee in laying

out a new highway, no doubt they should be satisfied that it is of common convenience and necessity when considered in reference to the expense of building it. Still we think, as the statute has made the finding of the committee final in respect to the convenience and necessity of a new highway, and has explicitly provided that there shall be no hearing upon that point by the court to which the report of the committee is to be returned, it must have intended that this report should be final also in respect to all questions and facts which necessarily go into or are involved in the main question of such common convenience and necessity. It is perhaps true that occasionally this will operate hardly upon a town; and perhaps it would have been better, where the damages are very much increased beyond the estimate of the committee, to have suffered an inquiry by the court, or to have allowed it to re-commit the question of the convenience and necessity of the road to the committee, to be judged of in the light of the increased expense. But of this the legislature alone can judge; and it is better to trust to its willingness to apply a remedy for the evil, if it be one, than to attempt to correct it by the indirect mode of sustaining every application for discontinuance, whenever the damages allowed by a committee are increased by a jury.

We advise the superior court not to refer the application to a committee, but to deny the prayer thereof.

In this opinion the other judges concurred.