HARRISON BRISTOL AND OTHERS *vs.* THE TOWN OF BRANFORD.

Upon a hearing before a committee on an application for the laying out of a highway, the committee may receive the opinions of witnesses having knowledge of the subject, as to the convenience and necessity of the proposed highway.

And the respondent town may show its financial condition as a reason why the road should not be laid out.

The expense of the construction and maintenance of the road is to be considered by the committee, and with it they should also consider the ability or inability of the town to bear the burden.

PETITION to the Superior Court in New Haven County for the laying out of a highway. The committee to whom it was referred reported that the proposed highway was not required by common convenience and necessity, and the petitioners remonstrated against the acceptance of the report. The court found the facts upon the remonstrance, and reserved the case for the advice of this court. The questions made in the case are sufficiently stated in the opinion.

*Ives* and *J. E. Russell,* for the petitioners.

*H. L. Harrison,* for the respondents.

PARDEE, J. The statute provides that when the selectmen of any town shall refuse to lay out any necessary highway, any person may prefer an application therefor to the Superior Court, accompanied by a summons to be served on one of such selectmen to appear and be heard thereon; and unless the parties agree as to the judgment to be rendered, such application shall be heard and decided by a committee of three disinterested persons to be appointed by the court. If such committee shall find that such highway will be of common convenience and necessity, they shall survey and lay out the same, and estimate the damages sustained by, or the special benefits accruing to, each person by the lay-out of a new highway, and report in writing their doings to said court. Gen. Statutes, Rev. of 1875, p. 237, secs. 37, 38.

VOL. XLII.— 41

The petitioners asked for a new highway; the matter was referred to a committee under this statute; and the committee heard the cause and reported to the Superior Court that the highway asked for would not be of common convenience and necessity. The petitioners remonstrate against the acceptance of that report, for this among other reasons, namely, that the committee permitted witnesses having knowledge of the subject to express an opinion as to the convenience and necessity of the proposed highway.

This special tribunal is created for the determination of one cause only, and of one issue in that cause, namely, will the highway asked for be of common convenience and necessity. It is not a court in the strictest sense, and has not in all respects been made subject to the technical common law rules of evidence by which courts are governed. Of such a committee the Supreme Court of this state, in *Groton* v. *Ledyard*, 22 Conn. R., 191, spoke as follows: "In the case of *Wethersfield and Glastonbury* v. *Humphrey and others*, we held that they were not confined to any certain evidence and modes of trial, but might hear the parties themselves and everybody else, and receive *any satisfactory evidence*, or act from their own knowledge and observation."

In accordance with this opinion, and with the general assent of the profession, committees appointed to try this particular issue have, for many years, usually, if not invariably, found their way to a result by permitting persons who had knowledge of the section of country to be crossed by the proposed highway and the location of the population to be affected by it, to give their opinions, based upon such knowledge, as to its being of common convenience and necessity; and we find no occasion for disturbing this long established mode of procedure before highway committees.

The petitioners further object to the acceptance of the report because the committee permitted the town of Branford to offer evidence as to the amount of its grand list and indebtedness and rate of taxation in each of the ten preceding years, and as to its expenditure upon roads and bridges for the years 1871 to 1874 inclusive.

In *Townsend* v. *Hoyle*, 20 Conn., 7, this court said: "We think the amount of a public burthen, or the cost to the public of an improvement, may properly enough enter into the question of expediency or necessity." In *Perkins* v. *Andover*, 31 Conn., 603, the court said: "The expense incident to the establishment of a new highway is always an element which enters into the question of its convenience and necessity. To justify the committee in laying out a new highway no doubt they should be satisfied that it is of common convenience and necessity when considered in reference to the expense of building it." And in *Hoadley* v. *Waterbury*, 34 Conn., 38, they said: "On a trial to determine the question whether a proposed highway would be of common convenience and necessity, the expense of constructing the road and that of keeping it in good and sufficient repair, undoubtedly are proper subjects of consideration."

Therefore, the town upon which some portion at least of the cost of constructing the proposed highway might possibly be thrown, and upon which the duty of keeping the same in repair would rest in the future, had a right to offer evidence as to the expense of construction and reparation. To give this evidence its proper weight the ability or inability of the town should be known. There can be no fixed rule for all cases; the weight of the burden to be borne and the ability of the town to bear it are to be considered in relation to each other. A town with a grand list of fifty millions might quite conveniently, and even profitably to itself, construct a highway at a cost of thirty thousand dollars, while it would be unreasonable to impose such an expenditure upon a town with a grand list of one million. It was the plain duty of the committee to consider the cost of building and maintaining this road and the ability of the town together, in determining the question of common convenience and necessity.

In this case the town gave evidence as to its financial condition with somewhat greater fullness than was necessary; but all the evidence received threw some light upon the point upon which it was directed. Nor do we think that the committee erred in taking the long retrospect of ten years. In

gathering statistics, as a rule, we should say that the longest series affords the least chance for an erroneous result. They were thus enabled to see either the increase or the diminution of the wealth of the town, and the rate of such increase or diminution during that period, and they were authorized to make use of the knowledge thus obtained in determining the issue submitted to them.

We advise the Superior Court to accept the report of the committee and dismiss the petition.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.