WILLIAM H. I. HOWE AND OTHERS vs. THE TOWN OF RIDGEFIELD AND OTHERS.

Where a highway prayed for would if laid out make it necessary that an existing highway with which it would connect should be put into better condition in consequence of the new travel that would be brought upon it, which expenditure would otherwise be unnecessary, the committee are to consider this expense in determining whether to lay out the highway prayed for.

The question as to the condition in which a highway ought to be kept, depends in a great degree upon the amount of travel upon it.

SUIT for the laying out of a highway; brought to the Superior Court. The committee reported in favor of laying out the way; the defendant town and sundry land-owners remonstrated against the acceptance of the report; the court (*Sanford, J.,*) overruled the remonstrances, accepted the report, and passed a decree laying out the way. Appeal by the defendants. The case is fully stated in the opinion.

*L. D. Brewster* and *H. W. Taylor*, with whom were *W. F. Taylor* and *H. B. Scott*, for the appellants.

*A. H. Averill*, for the appellees.

PARK, C. J. Many questions are raised by the remonstrances of the different defendants in this case, but we shall consider only one of them, which grows out of that of the defendant town. Its remonstrance makes the following allegations :—

" The highway which the committee were asked to lay out was about ninety rods in length and extended from the spot marked *A* upon the map, northeasterly to the spot marked *B;* the point marked *A* is situated in the main highway from North Salem, a village with a population of three hundred, to Danbury, about nine miles distant. *B* is situated in an unfrequented lane running from the highway last mentioned to another highway which strikes the first mentioned one at a point about two miles nearer Danbury than the point *A.* The last mentioned highway and lane are narrow and grass-grown, and have never been kept and worked by the town of Ridgefield as first class roads, and the travel upon them is very slight. It was not claimed upon the hearing before the committee that public convenience and necessity required the proposed road except for the accommodation of the travel from North Salem to Danbury; and the only way in which it was claimed that public convenience would be promoted by the lay-out was, that if the lane and connecting highway were put and kept in first class traveling condition and the proposed road was laid out as it was claimed,

a portion of the travelers from North Salem to Danbury would take that route in preference to the one now used; and there was no claim made that any considerable portion of these travelers would take that route unless the lane and connecting highway were put in first class condition. The respondents claimed, and offered evidence to prove, that in order to put the lane and highway in such condition it would be necessary for the town to expend a large sum of money in widening and repairing them, which need not otherwise be expended for that purpose; that it was not necessary to work the lane and highway as first class roads at present; that if the proposed road was laid out and used by travelers it would still be necessary to keep the former highway in first class condition, in order to accommodate travel from portions of Ridgefield to Danbury, and that it would be very expensive to keep both highways in first class condition. It was claimed by the petitioners that the lane and connecting highway being public highways, it was the duty of the town to keep them in first class condition irrespective of the amount of travel passing over them, and whether the proposed road was laid out or not; and that in determining the question of the propriety of the lay-out, the committee ought not to consider at all the expense of widening and repairing and keeping in repair the lane and connecting highway. And the committee so held as matter of law, and ruled adversely to the claims of the respondents, and refused to consider the expense of widening and repairing the lane and highway."

The plaintiffs demurred specially to this remonstrance, and the court sustained the demurrer, and adjudged it insufficient. In this we think the court erred.

It was said by this court in the case of *Perkins* v. *Town of Andover*, 31 Conn., 603, that "the expense incident to the establishment of a new highway is always an element which enters into the question of its convenience and necessity. To justify the committee in laying out a new highway, no doubt they should be satisfied that it is of common convenience and necessity when considered in reference to

the expense of building it." In *Hoadley* v. *Town of Water-bury*, 34 Conn., 38, it is said that "on a trial to determine the question whether a proposed highway would be of common convenience and necessity, the expense of constructing the road, and of keeping it in good and sufficient repair, undoubtedly are proper subjects of consideration." The following cases are to the same effect. *Townsend* v. *Hoyle*, 20 Conn., 1; *Bristol* v. *Town of Branford*, 42 id., 321.

It appears by the remonstrance that the committee were of the opinion, and so decided as a matter of law, that in determining the question whether the way prayed for would be of common convenience and necessity they had no right to consider the expense of widening, and putting the connecting lane and highway, described in the remonstrance, in such a state of repair as the new highway would clearly require in order to make it convenient. It was apparent that such repairs would have to be made if the road prayed for was laid out, and they decided the case precisely as they would have done if such repairs had already been made. If at the time of the hearing the connecting lane and highway were simply not in such a state of repair as their location and the amount of public travel thereon required, so that a proper state of repair would render it unnecessary that additional repairs should be made in consequence of the laying out of the new highway, then the decision of the committee would be sound. But if the new highway, if laid out, by reason of the increase of public travel which it would bring to the connecting lane and highway would require that additional expenditures should be made upon them to put them in proper condition for the increased travel, then such additional expenses should be considered by the committee in determining the question whether the highway prayed for would be of common convenience and necessity. These expenses were as much to be considered as those of constructing the new highway itself; for it is manifest that these additional expenses would be the inevitable result of the laying out of the highway. The error of the committee and of the court below consisted in not making the proper

discrimination. Whether a highway is or is not in a proper condition and sufficient state of repair, depends upon a variety of circumstances—such as its location, the amount of public travel on it, the ability of the town to bear the expense, and perhaps other considerations. In the case of Congdon v. City of Norwich, 37 Conn., 414, the court said that "a better and safer condition of roads may reasonably be expected and required in the summer than in spring and winter, and in populous cities than in unfrequented districts." The proper condition of a road has ever been regarded as depending to a great degree upon the amount of public travel over it. A thoroughfare in the vicinity of a city, where there are thousands of carriages and teams of every description passing and repassing daily, should be in far better condition than a mountain road, in a sparsely inhabited region, where only an occasional traveler can be seen. Such a traveler can afford to be inconvenienced once in a long time to enable the town to keep in better condition other roads over which he has occasion to pass many times a day. It would bankrupt any town to keep all its roads in the same condition that would be required in cities. Hence discrimination must be made in making expenditures, so that the public generally can receive the greatest possible benefit from them. If one dollar's expenditure would benefit fifty persons in one case, and but one in another, and each in an equal degree, reason and justice would require that the fifty should receive the benefit instead of the one. Now it is stated in the remonstrance that the laying out of the highway prayed for in this case would require the expenditure of a large sum of money to put the connecting lane and highway in such condition as the amount of public travel over them would require; which would otherwise be unnecessary. We think it is therefore clear that such expenses should have been considered by the committee as well as the expenses of constructing the new highway itself.

For these reasons we think there is error in the judg-

ment appealed from, and it is therefore reversed, and a new trial ordered.

In this opinion the other judges concurred.