THE MILFORD WATER COMPANY *vs.* ANTONIO KANNIA ET ALS.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

An irregularity in the conduct of appraisers from which no substantial injustice results, is not a ground for setting aside their award.

It is not irregular for appraisers in condemnation proceedings to examine public records which are admissible in evidence and are afterward admitted, though such inspection is made in the absence of the parties.

The just compensation to which a landowner is entitled in condemnation proceedings, is the value of the land taken (including in a proper case the damage to the rest of his land), considered with reference to the uses for which the land is then adapted; and therefore an inquiry as to how many quarts of bottled drinking water the landowner would have had to handle *per diem*, in order to make the business of its sale a feasible one, is properly excluded, in the absence of any evidence that the waters of the brook proposed to be taken possessed special qualities for drinking purposes, or that there was any available market for its sale. Such evidence

is too remote and speculative as bearing on the value of the respondent's land.

In the present case one of the appraisers having heard that a cow was mired in the land proposed to be taken, asked the respondent about it when he was a witness. *Held* that this afforded no basis at all for a claim of bias or injustice.

A real-estate expert called by the respondent was asked by the respondent's own counsel whether he had not in conversation appraised the premises at a higher valuation than that to which he had just testified. *Held* that there was no error in excluding this question.

Argued June 5th—decided July 6th, 1917.

APPEAL by certain of the respondents from a judgment of the Superior Court in New Haven County (*Greene, J.*) overruling a remonstrance to the report of a committee appointed to assess damages in condemnation proceedings, and accepting the committee's report. *No error.*

*George E. Beers,* for the appellants (respondents Kannia *et ux.*).

*George D. Watrous,* for the appellee (plaintiff).

BEACH, J. At the last term a motion to dismiss this appeal was overruled, and it now comes before us on its merits.

The first assignment of error relates to the reception, against objection, of a tax list containing a valuation for assessment of forty-eight acres of land, including the premises in question, on the ground that the valuation was not shown to have been made by either of the respondents. But whether this objection is well taken or not is of no consequence, because the appraisers valued the sixteen acres taken by the applicant at more than three times the assessed value of the entire forty-eight acres.

It is also objected that the appraisers visited the

assessors' office and inspected the tax list in the absence of the parties; but as no substantial injustice resulted, the alleged irregularity is not a ground for setting aside the award. *Groton* v. *Ledyard*, 22 Conn. 178, 191; *Bristol* v. *Branford*, 42 Conn. 321; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 247, 52 Atl. 947, 53 id. 57. Moreover, it is not irregular for appraisers to examine public records which are admissible in evidence and are afterward admitted.

It is also assigned as error that the appraisers excluded a question, asked of the witness Whitney, as to how many quarts of bottled drinking water would have to be handled *per diem* in order to make the business a feasible one. The respondents' claim in this connection was that without making an unreasonable use of the water of Beaver Brook, which adjoined their land, and without appreciably diminishing its flow, a bottling business could be conducted on their land for bottling and selling drinking water, and that the value of the land for that use should be taken into account. The appraisers excluded the question on the ground that the respondents had no right, as against lower riparian owners, to use any of the water of the brook except for farm and household purposes. It appears incidentally from the report that there are some springs on the respondents' land; but no question is raised on this appeal as to the right of a landowner to impound and divert spring-water at its source, and we express no opinion on that point.

The only ground of this branch of the remonstrance is, that the committee erred in ruling that the respondents had no right as riparian owners to bottle and sell any part of the water of Beaver Brook. We are of opinion that the question objected to was properly excluded. The just compensation to which a landowner is entitled in condemnation proceedings is the

value of the land taken (and in a proper case the damage
to the balance of his land), considered with reference
to the uses for which the land is then adapted.   It
follows that no evidence of value is admissible with
reference to the alleged adaptability of the land for
any special commercial business, until a foundation
is laid by evidence that the land is in fact adapted for
that special business at the time of the taking.   A mere
claim of counsel is not enough.   It is useless, for ex-
ample, to discuss the alleged right of the respondents to
sell bottled water from Beaver Brook, unless it is first
made to appear that there is an available market for
it.   There is nothing in this record to show either an
existing market for Beaver Brook water in bottles,
or that the water of Beaver Brook possesses special
qualities which would tend to make it more salable in
bottles than ordinary brook water; and ordinary brook
water is not so salable.   As bearing on the value of
the respondents' land, the evidence objected to was too
remote and speculative, and on that ground, alone, the
committee did not err in rejecting it.   On this state of
the record the question whether a riparian owner may
bottle and sell brook water, provided he does not
thereby appreciably or unreasonably diminish the flow
of the stream, appears to us to be a moot question
which does not require discussion.

A member of the committee who had heard of the
fact that a cow got mired on the land in question, very
properly asked the respondent Kannia about it, when
the latter was on the witness stand.   This incident
affords no basis at all for a claim of bias or injustice.

There was no error in excluding the question, ad-
dressed to his own real-estate expert by the respond-
ents' counsel, asking whether he had not in conversa-
tion appraised the premises at a higher valuation than
that to which he had just testified.   The fact that a

real-estate expert employed to establish an asking price has revised his opinion downward, is no evidence that the revised valuation is less correct than the original.

There is no error.

In this opinion the other judges concurred.