SILAS HOADLEY AND OTHERS vs. TOWN OF WATERBURY.

Upon a hearing before a committee upon a highway petition, the petitioners offered a bond payable to the respondent town for the construction of the road for a certain sum, much less than that which it was claimed by the town that it would cost. Held, that it could not be received by the committee on any ground for the purpose of affecting the result.

HIGHWAY petition, brought in the superior court for New Haven county. Motion by the petitioners for a new trial upon their remonstrance against the acceptance of an adverse report of the committee. The case is sufficiently stated in the opinion.

*H. B. Munson*, for the petitioners.

*Beach* and *Webster*, for the respondents.

PARK, J. On a trial to determine the question whether a proposed highway would be of common convenience and necessity, the expense of constructing the road and that of keeping it in good and sufficient repair undoubtedly are proper subjects of consideration. *Townsend* v. *Hoyle*, 20 Conn., 1.

On such a hearing in the present case the committee refused to consider a bond which was presented by the petitioners, executed by two responsible persons, payable to the town of Waterbury, in the penal sum of $10,000, conditioned to construct the proposed highway at an expense to the town of Waterbury of the sum of $4,000, when in the judgment of the committee the cost of the proposed road would not be less than the sum of $15,000. On what ground the committee rejected the bond is not stated in the motion. Whether it was that their duty required them to consider the facts of the case as they existed at the time independent of all propositions to construct the way ; or that the town of Waterbury would run some risk of the ultimate responsibility of the parties to the bond notwithstanding their present ability in the

opinion of men; or that there was some doubt respecting the legality of such a contract and consequently whether it could be enforced ; or that it would be unjust and illegal to force upon the town the acceptance of a bond that they had refused and were then refusing to receive, and compel them to run the risk of the expense of a suit to recover the penal sum, in case of a forfeiture ; or that the bond was not a sufficient indemnity to the town, on the ground that the sum mentioned therein is only $10,000, when in the opinion of the committee the expense of constructing the proposed way would not be less than the sum of $15,000, and should the parties fail to fulfill the conditions of the bond, and leave the town to construct the road, the town would be remediless to the extent of $1,000 ; or some other ground that in the opinion of the committee was sufficient to require its rejection, we are not informed.

The petitioners urged its consideration by the committee on the following grounds.

1. As a part of the evidence of the petitioners, and as confirmatory of the testimony of the witnesses introduced by them, and especially as confirmatory of the testimony given in before the committee by the signers of the bond, both of whom were witnesses on the hearing.

2. As evidence of the fact that the proposed road could be constructed for a sum not exceeding four thousand dollars.

3. As evidence of the fact that in the construction of the proposed road the town need not be subjected to the expenditure of a greater sum than four thousand dollars, and that unless the town voluntarily chose to pay a greater sum they could not be subjected to a greater expenditure than that sum.

4. As contributing to establish the fact that the proposed road was of common convenience and necessity, by showing the fact that in any event the cost to the town of constructing the same could not exceed the sum named.

5. To indemnify the town, and to show that the town would be in fact indemnified, against any larger expenditure than that sum in the construction of the road.

6. To be received and held by the committee for any purpose for which the same could be legally received and held by them.

In relation to the first ground on which the petitioners requested the committee to consider the bond, we think it is clear that the testimony of a witness who had given his opinion under oath, that the cost of constructing the proposed highway would not exceed the sum of $4,000, together with the reasons on which his opinion was based, would not legally be confirmed by showing that he was ready to give indemnity to the town that the cost of constructing the way should not exceed the sum named in his testimony. It is true the bond might show that the witness was sincere in the opinion he had expressed, but the sincerity of the witness was not called in question by the respondents, neither was his character for truth and veracity put in issue. The committee were bound to regard him as sincere unless there was something in the case to disparage his testimony. The petitioners then had all the benefit from the witness that they could possibly have, and they must therefore be satisfied.

These considerations apply with greater force to the witnesses not parties to the bond, and there is therefore no cause for a new trial on this ground.

In relation to the second ground on which the petitioners claim that the committee erred in rejecting the bond, it may be said that all the liability imposed upon towns to construct highways within their limits and keep them in good and sufficient repair is imposed by the statute. The common law is silent upon the subject. It knows no difference between counties and towns and parishes in this respect ; consequently towns are liable so far as the statute imposes liability and no farther. The statute that declares that towns shall construct highways, likewise declares under what circumstances it shall be done. It is when they will be of common convenience and necessity.

The expense of constructing highways is one of the elements that enter into the question of common convenience and necessity. Suppose the committee had found that the

proposed way could not be built at less expense then $15,000, but in consequence of a bond of $10,000 being given to the town of Waterbury by responsible parties, to build the road at an expense to the town of the sum of $4,000, and being of the opinion that the condition of the bond would be faithfully kept, and the way constructed for the sum named, they therefore found that the way would be of common convenience and necessity at such expense to the town of Waterbury. Would such a finding be sufficient? We think it is clear that it would not be; for what would become of the road should the parties to the bond fail to comply with its condition, and the expense of constructing the way should amount to more than the sum named?

The finding would be based upon a hypothetical case and not on the one before the committee, and yet it would fully accord with the claims of the petitioners. They claimed that the road could be constructed at the expense of $4,000 to the town, and requested the committee to find that upon that basis the way would be of common convenience and necessity; which substantially amounts to this—that if the way should cost the town no more for its construction than the sum of $4,000, it will be of common convenience and necessity; which clearly would be insufficient on account of the condition. The petitioners were aware of this and sought to obtain from the committee an unconditional finding, but based upon these facts; and here lies the error of their claim. The committee have found that the expense of constructing the proposed way will not be less than the sum of $15,000. That sum then must be taken as the least cost of the road.

Now if the bond could be regarded as if the fact were that eleven thousand dollars had already been expended in constructing the road, and it had been found that the whole expense would not exceed the sum of $15,000, then the claim of the petitioners would be sound. But can the bond be so regarded even if the finding had been as suggested?

In the first place the amount is not large enough by one thousand dollars. The parties to the bond would have the right to forfeit the amount, and would doubtless do so should

they become satisfied upon further examination that the finding of the committee in relation to the expense of the road is correct, and by paying the penal sum would be released from any further responsibility. In that case the town would have to expend the further sum of $5,000 in constructing the road.

In the second place, what authority had the committee to substitute a bond in the place of actual expenditures? By what right could they say to the town of Waterbury, you shall take this bond as so much money expended in the construction of this road. Had the committee unconditionally found, as the statute requires, and laid out the road, the burden of construction would have fallen upon the town, whatever expense it might require.

Parties may fail and become worthless. Rich men of yesterday are oftentimes bankrupt to day, and what condition would the town be in, had they been forced to accept the bond, and the parties thereto had become involved in financial ruin. There may be but little danger in the present case, but the claim of the petitioners involves the necessity of authorizing committees in similar cases to substitute bonds whenever in their opinion the parties thereto are sufficiently responsible, which would be a dangerous principle to establish, even if it could be done without doing violence to the statute.

But we are satisfied that the claim is in conflict with the spirit and manifest intent of the statute. The statute contemplates that the committee shall consider the state of things in which they shall find the proposed way. If individuals have fully or partially constructed the way, the committee are to consider among other things the remaining expense, if any. If individuals have given their land for highway purposes, the remaining expense should only be regarded, so far as this question is concerned. But the committee have no right to compel a town to accept a bond in lieu of expenditures already made. These considerations apply with equal force to the remaining grounds on which the petitioners claim that

the committee were guilty of irregular and improper conduct in rejecting the bond.

There is no error in the judgment complained of, and no cause for a new trial.

In this opinion the other judges concurred.