ANDREW TERRY AND OTHERS *vs.* THE TOWN OF WATERBURY.

A highway petition had been reported against by a committee and dismissed by the court, the question of the cost of the road being a material and controverted one and the committee estimating the probable cost at $15,000. Afterwards an act was passed providing that petitioners for a highway might give a bond for the construction of the road for a given sum, to be deposited with the town if the road should be laid out by the committee, which bond should be delivered to the committee, and might be considered by them in determining as to the laying out of the road. After the passage of the act, and a year after the determination of the case above referred to, a new petition was brought for substantially the same road, by persons who were not petitioners on the record in the former case, but were all a part of the same local public, and most or all of whom had been witnesses in favor of the petition in that case, there being no new facts affecting the case except the fact that the petitioners offered a sufficient bond under the statute for the construction of the road for $4,000. Held that the petition was barred by the former judgment. [One judge dissenting.]

PETITION for a highway, brought to the Superior Court in New Haven county. The respondents pleaded in bar the judgment of the same court against the petitioners in the case of *Hoadley and others* v. *The Town of Waterbury*, reported in 34 Conn. R., 38. The petitioners replied that, under the act of the legislature passed at its May session 1867,* after

---

* The act referred to is as follows :—

"Sec. 1. Whenever any petition shall hereafter be pending before the Superior Court for the laying out of any new highway, or for the alteration of any old highway or highways, it shall be lawful for any person or persons interested therein, in favor of such petition, to execute a penal bond or bonds, with one or more

the determination of that case, they were prepared and offered to give sufficient bond for the construction of the road prayed for, for the sum of $4,000.   The court upon the petition and pleadings found the following facts.

On the trial of the petition of *Hoadley and others* v. *The Town of Waterbury*, before the committee to whom it was referred, the amount of the expense of the construction of the highway therein prayed for was a material and controverted fact between the parties.   The petitioners claimed, and offered evidence to show, that it would not exceed $4,000, and the respondents claimed, and offered evidence to show, that it would amount to not less that $15,000 ; and the committee, from the evidence, and also from personal examination, estimated the expense in accordance with the claim of the respondents. On the trial of that case the petitioners offered to secure the respondents against a greater expense than the sum of $4,000, and for that purpose tendered, and offered in evidence before

sureties, payable to the town or towns in which such proposed new highway or old highway or highways are located, conditioned that the obligors in such bond or bonds shall build and construct, in the manner and within the time therein specified, such proposed new highway, or make the proposed alterations in such old highway or highways, or that the obligors in such bond or bonds will deed or cause to be deeded to said town or towns the right of way for such new highway, or the alteration of such old highway or highways, for a given sum or sums, to be specified in such condition; which bond or bonds shall be in legal form and properly executed by persons owning real estate in fee simple, situated in this state, in value to double the amount of the penal sum in such bond or bonds; which bonds so executed, when delivered as hereinafter provided, shall be legal and binding upon the obligors therein to the full amount of such penal sum, as assessed damages, if the condition or conditions therein specified are not fully kept and performed."

Section second provides that upon the trial of the case before a committee, the committee shall receive such bond and hold the same until they make their report.

Section third provides that in determining the question as to laying out the highway prayed for, the committee may take the bond into consideration.

Section fourth provides that if the committee shall report in favor of laying out the road they shall deliver the bond to the respondent town or towns, by whom it may be enforced against the obligors; but if the committee shall report against the petition they shall return the bond to the obligors to be cancelled.

Section fifth provides that where two or more towns are interested they may join in a suit on the bond and the court shall apportion the amount recovered between the towns.

Section sixth provides that the act shall not affect any pending suit.

the committee, a bond executed by responsible parties, in the penal sum of $10,000, for the payment of all expense of the construction of the road above $4,000. But the committee excluded the same as irrelevant and inadmissible.

Since the final determination of that case the public act referred to in the replication in the present case was enacted, and the present petitioners are willing° and ready to furnish, and will, when a trial before a proper and authorized committee is had upon their petition, offer in evidence a bond in all respects according to the provisions of said act, executed by obligors of satisfactory responsibility, indemnifying the respondents against any loss in the construction of the proposed highway exceeding the sum of $4,000, and securing the proper construction of the road for that sum. The route of the present proposed highway is not precisely identical with, but is substantially the same as, that asked for in the petition of Hoadley and others. Neither of the present petitioners were by name parties to the record in the former proceeding, all of whom were described as inhabitants and residents of Litch-field county, while in the present application some of the petitioners are described as inhabitants of the town of Waterbury; but the present petitioners are a part of the same local public with those who brought the former petition, and had the same interest in the result of that as in the result of the present, excepting a liability to cost, and all or most of them were witnesses in behalf of the former petition. Something more than a year elapsed between the final determination of the former case and the commencement of the present.

Upon these facts the case was reserved by the Superior Court for the advice of this court.

*C. Ives* and *E. Johnson*, for the petitioners.

1.  It cannot be denied that the actual cost of highways to the town which is to construct them, is an important element in the question whether such highways are of common convenience and necessity. The authorities upon this point are conclusive. *Perkins* v. *Town of Andover*, 31 Conn., 601; *Hoadley* v. *Town of Waterbury*, 34 id., 38. The reason is

Terry *v.* Town of Waterbury.

clear; for that is not a public benefit which costs the public more than it is worth; but it becomes a public benefit when it costs the public less, or only the sum it is worth.

2. Since the final decision in the case of *Hoadley and others* v. *The Town of Waterbury*, the legislature has enacted that bonds, such as the petitioners propose to give, shall be binding upon the obligors; that the committee shall have power to compel the towns to accept such bonds as adequate security for the construction of the road for the sum therein specified, and virtually to decide that such sum shall be the cost of the proposed highway to the town, and upon that basis of its cost to determine whether common convenience and necessity require the road. By this statute the legislature has virtually enacted that a highway may be built, although its cost to the public, if the public were to be responsible for the whole of it, would not justify the construction of the road, provided that persons specially interested in the proposed highway will effectually guarantee that its real cost to the public shall not be more than it is worth to the public.

3. The bond offered on the former trial was held irrelevant and inadmissible, and the reasons why the Supreme Court so decided prove that the offer of a good legal bond on the trial of this case to a committee will materially affect the question of the present convenience and necessity of the proposed road to the public. 1. The proposed bond will secure the construction of the road for $4,000, which the former bond did not. 2. The bond will be regarded by the committee as if the fact were that the actual cost of the road above $4,000 had already been expended. 3. The committee will have the right to substitute the proposed bond in lieu of the cost above $4,000, and have the right by statute to compel the respondents to accept the same. The reverse of these three propositions constituted the principal reasons why the Supreme Court held the former bond inadmissible. *Hoadley* v. *Town of Waterbury*, supra.

4. The doctrine of *res adjudicata* in its strictness cannot generally, if at all, be applied to highway petitions, since they

are continually changing in the reasons upon which they are based. *People* v. *Mercein*, 3 Hill, 415; *Strafford's Petition*, 14 N. Hamp., 30; *Hayward* v. *Bath*, 38 id., 179; *Howard's Petition*, 8 Foster, 157. The maxim "*nemo bis pro eadem causa vexari debet*," is the basis upon which the doctrine of *res adjudicata* rests. But this maxim can seldom be made applicable to petitions for new highways, and least of all to this petition, which surely is brought in good faith and not for the purpose of vexation. *Boscawen* v. *Canterbury*, 33 N. Hamp., 421. But the doctrine of *res adjudicata* is not in any degree applicable to this case, as it is now presented. By virtue of the recent statute this highway can now be built at an expense to the town of Waterbury of only $4,000, whereas the former committee found the expense would be $15,000. The extra cost, if there is any, will be borne by private individuals. The real question now is, whether, at the diminished cost to the public for which the road can now be built, common convenience and necessity require its construction. *This question has never been adjudicated.* The former committee expressly left it undecided. Further, the petitioners are not the same, nor is the road precisely the same, as in the former case, and the doctrine of estoppel arising from a previous judgment is to be construed with great strictness. The estoppel applies only to parties and persons, and is to be rigidly confined to precisely the same subject matter. *Smith* v. *Sherwood*, 4 Conn., 276; *Betts* v. *Town of New Hartford*, 25 Conn., 180.

5. In view of the changes in the law, and of facts that have taken place since the termination of the former suit, whereby the great objection to the road, to wit, its cost, has been removed, no one can fail to see that the committee would probably decide in favor of the road as a public improvement. At least it is the province of a committee, and not of the court, to judge of the importance of these changes as affecting the question of the convenience and necessity of the road, and so the plea in bar should be overruled. *Hampstead's Petition*, 19 N. Hamp., 343.

*Webster* and *Kellogg*, for the respondents.

1.  In this case the highway prayed for is substantially the same as the one asked for in the former petition of *Hoadley et al.* v. *Town of Waterbury.* It runs over the same route, and across the same tracts of land, and the route lies between the same termini.  The only distinctive marks of a highway as petitioned for are its termini.   *Ford* v. *Danbury,* 44 N. Hamp., 388 ; *Towns of Windham and Chaplin* v. *Litchfield,* 22 Conn., 226.

2.  The rule of *res adjudicata* applies to highway petitions. *Webb.* v. *Town of Rocky Hill,* 21 Conn., 468.  That case meets the precise question in the present case.  The court there say that the form in which the adjudication is had is not so important as the fact.  When the court can see from the record that, by the former trial, the present question was settled, the dispute is no longer open to litigation.

3.  But it is claimed that the statute of 1867, providing that a bond may be offered in evidence, entitles the petitioners to a hearing before a committee ; because, as they claim, it was not legal evidence at the time of the former trial. Even if such a bond received in evidence would have changed the result in the former case, the court will not grant another trial when the matter has once been adjudicated, on the ground that evidence then incompetent has now been made competent by statute.   *Sawyer* v. *Merrill,* 10 Pick., 18.

4.  The legislature had no power to pass a law impairing or affecting the force of a judgment previously rendered in due course of law.  Such a statute would be unconstitutional and void as against parties who had already acquired vested rights under such judgment.  The town of Waterbury has acquired vested rights under the former judgment, and the legislature has no power to take them away.  *Springfield* v. *Connecticut River R. R. Co.,* 4 Cush., 63 ; *Welch* v. *Wadsworth,* 30 Conn., 155.

5.  But if a committee should be appointed in this case, and should proceed to a hearing and make a report that the road would cost $15,000, and that common convenience and necessity would not require the road at that cost to the

town, but, considering the special convenience of the petitioners, and that they had given a bond to indemnify the town against an expense exceeding $4,000, they do find the road to be of common convenience and necessity, and proceed to lay out the road, the court would set aside their report for the reason that the laying out of the road was not based upon public convenience and necessity. "Evidence that an individual for his own private advantage will defray a part of the damage incurred is improper. If one or more persons may take upon themselves the payment of this compensation to obtain a way for their own emolument, the owner of the land is made to submit to an incumbrance, not for the sake of the public, but for the sake of private persons or corporations, who invade his rights for their own purposes in the name of the public." Parsons, C. J., in *Commonwealth* v. *Inhabitants of Cambridge*, 7 Mass., 158. See also *Commonwealth* v. *Sawin*, 2 Pick., 547 ; *Jones* v. *Inhabitants of Andover*, 9 id., 145; *Dudley* v. *Cilley*, 5 N. Hamp., 558. In *Proctor* v. *Andover*, 42 N. Hamp., 348, all the cases on this subject are reviewed, and the conclusion reached that when " it is made clearly to appear that the laying out of the road was based upon inducements offered by way of contribution toward the expense," the subsequent proceedings are void.

CARPENTER, J. This is a petition for a highway. The respondents, by way of answer, set up the proceedings and the judgment of the court in the case of *Hoadley et al.* v. *Town of Waterbury*, 34 Conn., 38, as a bar to the present suit. The replication sets up various matters which the petitioners claim should prevent the former judgment from being a bar. The allegations in the replication are denied by the respondents.

The finding of the court establishes the following propositions. The route of the present proposed highway is substantially the same as that asked for in the former petition. The present petitioners, though not parties to the record in the former proceeding, are a part of the same local public with those who brought the former petition, and had the same in-

terest in the result of that as the present, excepting a liability to cost, and all or most of them were witnesses in support of the former petition. Something more than a year elapsed between the final determination of the former case and the commencement of the present one. Since the determination of the former case the public act referred to in the replication was enacted, and the present petitioners are ready and willing to offer in evidence a bond according to the provisions of that act, indemnifying the town against any loss from the construction of the proposed highway exceeding the sum of four thousand dollars. It is also found that on the trial of the former petition the amount of the expense of constructing the road prayed for was a material and controverted fact between the parties, and that a bond similar to the one contemplated by the statute was offered in evidence and rejected by the committee.

These are substantially the facts relied upon to relieve the present case from the operation of the doctrine of *res adjudicata.* Whether they are sufficient for that purpose is the question for our determination.

In *Webb* v. *Town of Rocky Hill*, 21 Conn., 468, it was decided by this court that the doctrine of *res adjudicata* was applicable to petitions for highways, at least so far as to make it incumbent upon a party who would avoid the effect of a former judgment to show new matter accruing since the rendition of such judgment. The new matter referred to means something more than a mere change of the law. The issue in these cases is one of fact, and not of law. If there is a material and substantial change in the facts upon which the issue depends, the former judgment ought not to be a bar; otherwise it should be conclusive. In view of these principles let us examine the case before us.

The route prayed for must be regarded as the same in both cases. The court finds that "the route of the present proposed highway is not precisely identical with, but is substantially the same as, that asked for in the petition of Hoadley and others." The question involved is identical in both cases, to wit, the common convenience and necessity

of a highway in that locality. A slight variation of the route does not destroy its identity.

Nor is the fact that the present petitioners were not parties to the record in the former case of any importance. They were a part of the same local public, and as such interested in the question, and appeared as witnesses in behalf of the petition. They might, had they chosen to do so, have been parties to the record. It was a matter of public concern, and they had ample opportunity to be heard. The whole proceeding was in the nature of a proceeding *in rem*; and so far as the judgment was binding on any it was binding on all. Any other view of it would involve towns in endless litigation.

Mere lapse of time in this case furnishes slight evidence, if any, of a change of circumstances. This point is not much pressed, as the petitioners rely chiefly upon the statute.

The statute provides that parties interested in ·a petition for a highway may execute a penal bond with surety, payable to the town or towns concerned, conditioned that the obligors shall contruct the proposed road, or secure the rights of way therefor, for a given sum, and that such bond shall be admissible in evidence, and be regarded as legal and valid, and as legally affecting the question of common convenience and necessity. Whether this statute is new matter, which will justify us in opening this matter for further litigation, is the main question in the case. A majority of the court think it is not.

The statute simply makes the bond admissible in evidence. It does not say what weight shall be given to it. That is left to the sound discretion of the triers. It may have more or less weight, or none at all, according to the circumstances of each particular case. What effect such a bond ought to have, in a case like this, does not appear. It is averred in the declaration that if such a bond had been binding, and could have been received in evidence on the former trial, the committee would have found the proposed road to be of common convenience and necessity. But this averment is not found true by the court. So that, so far as we are permitted to know, the

effect of the statute is limited to making that admissible in evidence which before was inadmissible. Such being the purpose and effect of the statute, it is apparent that the petitioners rely on the fact that the legislature have made that admissible in evidence which could not be used as such in the former petition. And it is also apparent that this application is, *in effect,* an application for a new trial on that ground. But no case can be found where a new trial has been granted on the ground that the law regulating the admission of evidence had been changed after the former trial. No new trial can ever be safely granted on that ground. The inconvenience and mischief which would result from such a precedent are too obvious to require comment. These considerations are conclusive of our duty.

But there is another view of this case which is equally conclusive against the petitioners. The town of Waterbury had obtained a favorable judgment. In that judgment they had a vested right. Even if it should be admitted that the legislature had the power to destroy that right by legislation, it would be so manifestly unjust that we should expect an intention to do so to be expressed in clear and unmistakable language. No such intention is expressed in this statute. On the contrary, the legislature were so careful of existing rights that they provided that the act should not affect any suit then pending. If therefore the former case had been pending at the time of the passage of the act it must have been proceeded with in all respects as if the act had not been passed. If such had been the case it would hardly be contended now that the judgment would be rendered inoperative by the passage of the act. Now if the legislature did not intend that a pending suit should be affected by the act, it certainly will not be presumed that they intended to destroy the effect of a judgment already rendered. We do not think, therefore, that we ought to give to this statute the effect contended for.

We advise the Superior Court to render judgment for the respondents.

In this opinion BUTLER, J. concurred. PARK, J. dissented. HINMAN, C. J., being disqualified by interest did not sit.

PARK, J. I agree with the majority of the court, that the highway prayed for in this case is substantially the same as the one prayed for in the petition of *Hoadley and others* v. *Town of Waterbury*, 34 Conn., 38, and unless the facts have materially changed since that case was heard by the committee, this case is *res adjudicata*. But it seems to me that the statute of 1867 brings into this case an important element that did not exist in the former case. The statute virtually declares that if the petitioners shall give the bond in accordance with the statute, as they propose to do, and for the purposes of this case we must presume they will do, the committee are to consider that the cost of constructing the proposed road will not exceed the sum of four thousand dollars. They are to regard the case precisely as if, since the former case was tried, some invention had been made that would excavate rock with such facility that four thousand dollars now would construct the proposed road, which would have cost fifteen thousand dollars when the former case was tried. If such had been the case no one could doubt but that the facts surrounding the present case would be materially different from those that existed when the former case was heard. Is not this the view that the statute intends that the committee should have taken of the case had it gone before them? It was a fact in the former case that the construction of the proposed road would cost the public the sum of fifteen thousand dollars. It is a fact in the present case that the cost of construction to the public would be but four thousand dollars. This change is made, not by evidence estimating the expense at the latter sum, but by the bond reducing the expense absolutely to that amount. The case is the same as though some law of nature had intervened rendering it impossible for the road to cost the public more than that amount. Suppose that, since the former trial, the petitioners and others had expended the sum of eleven thousand dollars in the construction of this road, so that four thousand dollars would now complete it,

would the case to be tried by the committee be variant in any particular from what it is now? Suppose the law had expressly provided that after its passage no town should be required to expend a greater sum than four thousand dollars in the construction of any highway laid out by the Superior Court, and the rest of the expense, if any, should be borne by the petitioners, they giving ample security to pay before their case should be heard. Could a doubt be entertained that the law would change the state of things in respect to this proposed road? Such is substantially this case. The majority of the court consider the law as merely creating new evidence, and that the petitioners are seeking to re-try the former case because the legislature has made something evidence that did not then exist as such. Evidence of what? Evidence merely informs the court of the existence of facts. It is merely the means of communicating intelligence. What fact existing in the former case does this newly created evidence tend to prove? The expense of constructing the proposed road would be as great now as it was then. If the expense then would have been fifteen thousand dollars, could the proof of any fact whatever then existing have made the expense less to the town of Waterbury than that sum? The contest between the parties then was, how great would be the expense of constructing the road. The statute pays no regard to the actual expense of construction. It virtually declares that in view of the bond, no matter how great the expense may be, no matter whether it will cost fifteen or fifty thousand dollars, the expense to the public shall not be greater than four thousand dollars, and the committee shall consider the case upon that basis. They shall consider whether or not common convenience and necessity requires an outlay on the part of the public of that sum. The statute does not pretend to be evidence of any fact, but it comes into the case and creates an all important fact that did not exist on the former trial.

It seems to me that these considerations show conclusively that the view taken of the law by the majority of the court cannot be maintained.