**Caesar Dal Pino, Appellant, v. Board of Commissioners of Cook County et al., Appellees.**

### Gen. No. 15,390.

1. INJUNCTIONS—*when consideration of uncontroverted facts not erroneous. Held,* that it was not error for the court to consider uncontroverted evidence of facts not set up in the bill of complaint upon a motion to grant a temporary injunction and a cross motion to dismiss.

2. INJUNCTIONS—*when dismissal of bill proper.* When it appears upon a motion for a temporary injunction and a cross motion to dismiss the bill for want of equity that the bill cannot be maintained on final hearing, a dismissal of such bill may properly be ordered.

3. RES JUDICATA—*when proceeding by one taxpayer concludes another.* An adjudication upon a bill filed by one taxpayer in behalf of all taxpayers is conclusive against a later bill filed by another taxpayer on behalf of all taxpayers.

Bill for injunction. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed October 29, 1909.

DAVID K. TONE, for appellant.

HARRY A. LEWIS and WM. F. STRUCKMANN, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

On December 21, 1908, appellant filed his bill of complaint in the Superior Court of Cook county in behalf of himself and of other taxpayers of said county against the Board of Commissioners of Cook county, Joseph F. Haas, Comptroller of said county, John R. Thompson, Treasurer of said county, and Frank J. Loesch, defendants.

The bill alleged that the defendant Frank J. Loesch was pretending to act as special state's attorney of Cook county; that the other defendants above named had paid out certain sums of money as the salary and expenses of said defendant Loesch as such alleged special state's attorney, and that the said defendants were about to cause to be paid to said defendant Loesch various other sums of money on account of the salary and expenses of said Loesch as such alleged special state's attorney of Cook county.

The bill further averred that on August 8, 1908, an alleged primary for the nomination of officers to be

elected on the first Tuesday of November, 1908, was held in the city of Chicago, and that one John J. Healy and John E. W. Wayman were upon the primary ballot as candidates for the Republican nomination for the office of state's attorney for Cook county, and that said Healy was defeated for said nomination; that in the month of September, 1908, said Healy contested the return made by the canvassing board at said primary, and in said contest charged that certain alleged frauds and irregularities were committed at said primary; that while the said contest was pending in the County Court of Cook county, said Healy, who was at that time the state's attorney for Cook county, filed a petition in the Criminal Court of said county, which petition prayed that some person be appointed by said Criminal Court to act as special state's attorney for Cook county instead of said Healy, for the purpose of investigating the alleged frauds claimed to have been committed at said primary held on August 8, 1908.

Said petition is set forth *in haec verba* in said bill of complaint, the material allegations in said petition being that many fraudulent and illegal ballots were cast at said primary, and that many qualified voters were prevented from voting by unlawful means, and that said conduct constituted criminal offenses under the laws of the State of Illinois.

The petition further averred that said Healy had instituted a contest in respect to said primary election against said Wayman in the County Court of Cook county, which contest was then pending and undetermined, and that by means of said contest said Healy was interested in the subject-matter of the crimes alleged to have been committed at said primary.

The petition prayed that the court appoint some competent attorney to investigate all violations of said primary law and prosecute those considered guilty.

The bill further averred that on September 30, 1908, the Criminal Court entered an order upon said petition finding that John J. Healy, the state's attorney,

was interested in the subject-matter of the alleged crimes against said primary law, and appointed Frank J. Loesch special state's attorney to investigate and prosecute any and all persons against whom there should appear to be just and reasonable grounds to establish guilt of criminal offenses committed in violation of the primary election law at said August primary.

The bill further averred that at the time the said alleged appointment was made there was no cause or proceeding of any kind or description pending in the Criminal Court of Cook county, or before any court in Cook county with respect to said alleged primary frauds; that said alleged frauds had not then been investigated by any grand jury of said Cook county; that on the 3d day of October, 1908, said contest between said Healy and said Wayman was decided in favor of said Wayman; that said Healy did then elect to abide by the decision in favor of said Wayman, and that if said Healy was ever interested in the subject-matter of said alleged primary frauds, said interest ceased on the said 3d day of October, 1908.

The bill further alleged that on October 9, 1908, said Loesch took a pretended oath of office as such pretended special state's attorney; that on October 28th the grand jury was called by one of the judges of the Criminal Court upon the motion of said Loesch; that from November 4, 1908, to the latter part of the same month said special grand jury, so convened on the motion of said Loesch, was continuously in session investigating the said alleged primary frauds, and returned numerous indictments for crimes alleged to have been committed at said primary; that on December 7, 1908, said Wayman appeared before the Criminal Court of Cook county and contested the right of said Loesch to act as special state's attorney, and then informed the presiding judge of said court that he, said Wayman, was the state's attorney for Cook county and that he was charged with the responsibility of prosecuting all violations

of the criminal law, and said Wayman then and there offered to appoint said Loesch as assistant state's attorney at a salary of $5,500, and offered to furnish said Loesch with a suite of rooms and with stenographers and investigators, but that said Loesch declined to accept such appointment; that said Loesch thereafter pretended to act as special state's attorney and occupied a suite of rooms in the Criminal Court building of said county separate from the one occupied by the state's attorney; that said Loesch had a separate corps of stenographers, investigators, assistants and employes, and claimed to be conducting a special state's attorney's office independent of and separate and distinct from the office conducted by said Wayman; that the Board of Commissioners of Cook county, at the request of said Loesch, had ordered an appropriation of $19,500 in payment of the salary and expenses of said Loesch and his said alleged assistants and employes, and that out of said appropriation and upon the warrants of said comptroller said treasurer had already paid over $9,000; that on December 14, 1908, said Loesch sent a communication to the comptroller of Cook county asking that there be appropriated for the running of the office of said Loesch, as special state's attorney, the sum of $54,620; that in addition to the foregoing appropriation said Loesch was claiming compensation for himself as said special state's attorney at the rate of $100 a day.

The bill further charged that said state's attorney Wayman had, ever since he assumed the duties of his office, been ready, able and willing to prosecute all of the said alleged primary frauds; that said Wayman had a corps of assistants, investigators, stenographers and other employes amply sufficient to take charge of and handle all of the business connected with the investigation and prosecution of said alleged primary frauds; that the appropriation and payment from the treasury of Cook county of the above expenses of said Loesch as said alleged special state's attorney was un-

necessary and constituted an illegal diversion of public money.

The bill sought to enjoin the County Board from appropriating money by way of special fund or generally for the salary, fees and expenses of Loesch as special state's attorney, or for the payment of his assistants or employes, or for any other purpose connected with Loesch's duties as special state's attorney, and to enjoin the County Board, comptroller and treasurer from paying any sum or sums to the said Loesch as special state's attorney, or to his assistants or employes on account of any fees, salaries or expenses.

The defendant Loesch filed, with leave of court, three double pleas.

The first plea went to so much of the bill as sought to restrain the payment of any compensation to Loesch as special state's attorney. It set up the proceedings and decree in the case of Dominick J. Lavin v. The Board of Commissioners of Cook County et al., in the Circuit Court of Cook county, as showing that full relief had been had in this respect.

The second plea went to so much of said bill as sought to restrain payments to Loesch's assistants and employes by reason of the fact that Loesch was not a *de jure* officer. It set up the fact that Loesch was a *de facto* special state's attorney at least, and that the remedy against him at law was adequate by *quo warranto*.

The third plea went to so much of the bill as sought to restrain the payment of money for the salaries of employes and assistants for Loesch as special state's attorney. It set up the record in the Lavin suit as *res adjudicata*.

To the residue of complainant's bill the defendant Loesch demurred.

The cause came on for hearing upon the complainant's motion for a temporary injunction and the defendants' cross-motion to dismiss the bill for want of equity. The defendants put in evidence the record in

the Lavin suit and the record of proceedings in the Criminal Court subsequent to Loesch's appointment. This evidence was not only not controverted, but was conceded to be true.

The court having heard the arguments of counsel and considered the evidence and the allegations on the face of the bill, then rendered its decree refusing a temporary injunction, and ordering that the bill, being for injunction only, should be dismissed for want of equity.

The evidence introduced and not set forth in the allegations of the bill was preserved by the findings of the decree. Some evidence, together with other matter, was preserved by a certificate of evidence.

From this decree appellant prosecutes this appeal, and assigns error in the proceedings of the court below in that the cause was finally disposed of on motion for a preliminary injunction and the cross-motion of Loesch to dismiss the bill, without any final hearing of the cause upon the issues formed by the pleadings, and that the court erred in sustaining a demurrer of Loesch to a part of complainant's bill of complaint, and that the decree is erroneous and contrary to law and equity.

As to the practice followed by the court of considering uncontroverted evidence of facts not set up in the bill of complaint upon a motion to grant temporary injunction and a cross-motion to dismiss, we are of the opinion that it constituted no material error. When a cause comes on for hearing upon a motion for a temporary injunction and a cross-motion to dismiss the bill for want of equity, the defendant has two courses open to him. He may simply resist the motion for an injunction upon the face of the bill alone, or he may controvert facts set up in the bill, or avoid them by new facts not appearing upon the face of the bill. If the latter course is pursued it is ordinary practice to introduce evidence by affidavit or by the testimony of witnesses produced in open court, although the defend-

ant may have no answer or plea on file. Collins v. Weigselbaum, 126 Ill. App. 158-164.

The better practice, and the one pursued in this case, is to have an answer or plea on file which will present an issue under which the evidence introduced would be relevant at a final hearing on the issues duly made up. The defendant in this case filed his pleas for the purpose of raising an issue upon the final hearing at which the evidence introduced upon the motion for an injunction and cross-motion to dismiss would have been proper and relevant, and at the same time he laid the foundation in his pleadings for presenting uncontroverted facts not set up in the bill of complaint for the purpose of the hearing on the motion for the temporary injunction and the cross-motion to dismiss.

We are of the opinion that when it appears upon a motion for temporary injunction and a cross-motion to dismiss the bill for want of equity by uncontroverted evidence of record, that the bill cannot be maintained on final hearing, the law does not require the absurd and dilatory practice to be pursued which confines the court to merely denying a motion for the injunction and overruling the motion to dismiss the bill simply because the case is not brought on for final hearing, and that the court shall thereafter set the case or the pleas filed therein down for final hearing after having heard fully the same matters on motions. If it appears upon the motion for an injunction in a bill purely for injunction that the issues involved in the bill have been adjudicated, the court, we think, is not bound to set the case for final hearing and go over the same matters the second time. Therefore, the court, in pursuing the practice which was pursued in this case, did not commit error in disposing of the bill upon the motions made.

The record in the Lavin suit set out in the pleas filed, in our opinion, showed a *res adjudicata* of the issues in this suit. In the first place the parties complainant in the Lavin suit and in this suit are the same.

In the Lavin suit the bill was filed by Lavin as a tax-payer in his own behalf and "in behalf of all other property-owners and taxpayers similarly situated who may join in the bill." The authorities are numerous and conclusive to the effect that the parties complainant in a bill in behalf of all taxpayers by one taxpayer is a bill by the same party complainant as a bill by another taxpayer on behalf of all taxpayers. Harmon v. Auditor, 123 Ill. 122; Sabin v. Sherman, 28 Kan. 205; Terry v. Town of Waterbury, 35 Conn. 526; State ex rel. Brown v. C. & L. R. R., 13 S. C. 290; Stallcup v. Tacoma, 13 Wash. 141; Dady v. G. & A. Ry., 112 Fed. 838.

The Lavin suit and this suit are against the same parties defendant.

The material facts upon which relief is prayed are the same in both suits; and the relief prayed for in both cases is substantially the same. We are, therefore, of the opinion that the decree in the Lavin case is res adjudicata of the issues in this case. It follows that the decree of the Superior Court in this case is correct and must be affirmed.

*Affirmed.*