H. J. Schmidt et al., Appellees, v. Modern Woodmen of America, Appellant.

 Opinion filed April 8, 1931.

GEORGE G. PERRIN, NELSON C. PRATT and SONNEN-SCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, for appellant; GEORGE G. PERRIN, HENRY S. MOSER and I. E. FERGUSON, of counsel.

HOOPES & PEFFERLE, J. PAUL CARTER, PERRY H. HILES and FRANK C. SMITH, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellees, insured members of the Modern Woodmen, filed a bill in which they averred that at the meeting of the Head Camp of the society held in June 1929, by-law 42 was so amended as to greatly increase the insurance rates; that, for certain reasons stated, the said by-law as amended, and all other acts of the Head Camp at said meeting are, and the court should declare them to be, illegal and void, and appellant should be enjoined from enforcing the same. The court ordered a temporary injunction and appellant appealed.

Appellees anticipated and sought to avoid the defense of *res judicata* by averring that after the said meeting of the Head Camp a suit was brought in the circuit court of Cook county, known as *Jenkins et al. v. Talbot et al.*, challenging the legality of the action of the said Head Camp in the allocation of funds; that other members of the society intervened in said suit and the case was prosecuted to the Supreme Court which held that the by-laws were legally adopted, but appellees averred that, in the said *Jenkins* suit, the questions of fraud, the method of the formation of the said Head Camp and its operation as alleged in the present bill were not in controversy in said former suit. The present bill does not deny that the alleged

invalidity of the said amended by-law was an issue submitted to the court in the *Jenkins* case. We think it a fair inference, in the absence of a denial, that the alleged invalidity of said amended by-law was an issue in that case.

Appellant filed an answer in which it denied the material allegations of the bill but admitted that soon after said meeting of the said Head Camp the *Jenkins* suit aforesaid was brought to contest the legality of the said amended by-law 42 and to restrain the society and its officers from enforcing the same. Appellant averred that in said suit the question as to the method and manner of the adoption of said amended by-law was involved; that said suit was brought by Edward W. Jenkins and four other members of the society in their own behalf and in behalf of all other members; that some other members filed intervening bills in that case in which it was averred that the said amended by-law 42 was illegal and void because it was fraudulently enacted, setting out the alleged fraudulent acts; that by leave of court the averments as to the alleged fraudulent acts were stricken; that the said cause was heard upon the bill and answer by the circuit court of Cook county and the bill was dismissed for want of equity.

Appellant's answer set out the decree of the said circuit court in the *Jenkins* case, *in haec verba,* from which it appears that the court found and decreed that said amended by-law 42 was duly, regularly and legally adopted and that the same is valid, legal and binding upon the complainants, intervening complainants and all other members of the Modern Woodmen of America. The answer also averred that the said decree was in all respects affirmed by the Supreme Court in *Jenkins v. Talbot,* 338 Ill. 441. While the answer does not come up strictly to the requirements of the authorities to show *res judicata,* it is substantially sufficient, under our practice, without reciting

all the allegations of the former bill, as avoiding pro-
lixity in pleading. *Gage v. Ewing,* 107 Ill. 11.

From the bill and answer in the case at bar, the de-
cree in the *Jenkins* case and the opinion of the Su-
preme Court affirming the same, it clearly appears that
one of the causes of action relied upon in the *Jenkins*
case was the alleged invalidity of amended by-law 42.
The cause of action set out in the present bill is the
alleged invalidity of the same by-law. Appellees can-
not make it a new or different cause of action by
averring that the by-law is invalid and void for other
known reasons which could have been but were not
presented to the court in the *Jenkins* case. A single
cause of action cannot be litigated piecemeal. When
a cause of action has been finally adjudicated that ends
the controversy.

A complainant sought relief on the ground that he
was entitled to an equity in land by reason of a con-
tract and deed executed by a married woman, the
owner of the land. A decree dismissing his bill for
want of equity was affirmed. *Rogers v. Higgins,* 48
Ill. 211. He then filed a new bill, upon the same
ground, in which he averred an additional reason why
he should have the same relief that was sought in the
former case. The court held, on that branch of the
case, that each bill stated the same cause of action;
that in the second bill the complainant was simply in-
sisting upon an additional ground in support of the
same cause of action sought to be enforced in the first
case. *Rogers v. Higgins,* 57 Ill. 244.

In that case the court said: ''A party cannot have
a cause of action adjudicated upon piecemeal, in this
way. When the complainant before presented his cause
of action before the court, he should have brought for-
ward and urged all the reasons which then existed, for
the support of it. The controversy cannot be reopened
to hear an additional reason, which before existed, and
was within the knowledge of the party, in support of

the same cause of action. No one should be twice vexed for the same cause of action. This principle of *res adjudicata,* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved, and which might have been raised and determined in it. (Citing cases.) The appellant has had his day in court as respects this cause of action, an alleged equity growing out of the execution of said contract and deed. That must suffice. He cannot be heard again in respect to that.''

After a hearing on the merits, a bill to enjoin the collection of a certain tax was dismissed for want of equity. The same party filed a second bill seeking the same relief in which he set forth other reasons. It was held that the prior adjudication was conclusive, not only as to the matters actually determined, but as to every other thing within the knowledge of the parties which might have been set up as a ground of relief or defense. *Ruegger v. Indianapolis & St. Louis R. Co.,* 103 Ill. 449. A minor, by his guardian, filed a bill claiming title to certain land and on the hearing it was dismissed for want of equity. In a second suit he sought to recover the same land on other and different grounds not presented in the first suit. The court held that the controversy could not be reopened to hear additional reasons which before existed, and were within the knowledge of the party, in support of the same cause of action; that the principle of *res judicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined in it. *Bailey v. Bailey,* 115 Ill. 551.

A decree dismissing, after a hearing on the merits, a bill to establish title in complainant to land held by her brother in his name is *res judicata* of a subsequent bill for substantially the same relief, where complainant bases her claim in each case upon the same contract although the second bill alleges a different reason

from the first bill for the taking of the title in the brother's name, and where no ground for relief is urged in the second bill that did not exist at the time of the first adjudication. *Godschalck v. Weber,* 247 Ill. 269.

A complainant must present all the grounds showing his right to the relief prayed for which could have been presented, and if he fails to do so he cannot be allowed, in a second suit, to take advantage of such omission. All questions relating to the same subject matter which were open to consideration and which could have been settled in the first suit are conclusively settled, as between the parties, whether they were presented or not. *Marie Church v. Trinity Church,* 253 Ill. 21.

The *Jenkins* suit was brought in behalf of the complainants and in behalf of all other members of the society. It was a class suit. Where a bona fide bill is filed and litigated by representatives of a class and the subject matter of the suit is common to all, the decree binds the entire class as fully as if all were before the court. *People v. Clark,* 296 Ill. 46. Where a law has been held constitutional by the Supreme Court in a class suit, new reasons for holding it unconstitutional cannot be assigned in a subsequent suit by other members of the class. *Greenberg v. City of Chicago,* 256 Ill. 213; *People v. Whittaker,* 254 Ill. 537. Where the constitutionality of a statute has been upheld by a court of last resort the question cannot be relitigated in a subsequent suit between the same parties by assigning new reasons for holding the act invalid, which reasons existed when the decision was rendered. *In re Northwestern University,* 206 Ill. 64.

The Supreme Council of the Royal Arcanum, a Massachusetts mutual benefit society, adopted an amended by-law increasing its insurance rates. Some members of the order filed a suit in Massachusetts against the corporation in their own behalf and in behalf of all other members seeking to set aside the

said by-law on the ground that it was invalid and void. The court decreed that the by-law was valid and binding and dismissed the bill for want of equity. Later, a member of the order living in New York brought a similar suit in the courts of that State and it was held that the question of the validity of the by-law was *res judicata* because of the Massachusetts decree which was entitled to full faith and credit under the Federal Constitution. *Supreme Council of Royal Arcanum v. Green,* 237 U. S. 531.

Certain certificate holders sued the insurance company in the courts of Connecticut in their own behalf and in behalf of all others similarly situated, seeking relief on account of changes made by the company and the action of the company in that regard was sustained. Later, a certificate holder living in Minnesota died and his beneficiaries sued the insurance company in the courts of that State and raised the same question that had been previously litigated. It was held to be *res judicata* because of the Connecticut decree which was entitled to full faith and credit. *Hartford Life Ins. Co. v. Ibs,* 237 U. S. 662.

Appellees contend that the former decree is not *res judicata.* They cite several cases to the effect that the decree in a former suit is only *res judicata* of matters necessarily in issue in that suit; that it must appear that the court had jurisdiction to and did adjudicate the precise question that is sought to be litigated in the subsequent suit. The cases relied upon, in that regard, are good law but they have no application to the case at bar. Appellees overlook the fact that the alleged invalidity of amended by-law 42 was one of the causes of action relied upon in the *Jenkins* case and is the same cause of action set forth in the bill in the case at bar. The suggestion of other reasons in support of their charge of invalidity does not state a new or different cause of action as we have shown by the several

cases above cited, no one of which has been overruled or criticized.

Appellees insist that we cannot consider the answer filed by appellant. They say that under the law the trial court could not consider anything except the averments contained in their verified bill in determining whether a temporary injunction should issue. By their bill they required appellant to file an answer under oath and the answer was verified. The statute provides that no injunction shall be granted in any case without previous notice of the time and place of the application having been given, unless it shall appear, from the bill or affidavit attached thereto, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately and without notice. Cahill's Ill. St. ch. 69, ¶ 3. Why should notice be required in any case if the court is not permitted to consider anything but the bill? We are of the opinion that the purpose of the statute is to give a defendant an opportunity to show, if he can, that an injunction should not issue. It has been held that a defendant may show by plea or answer that the cause of action set out in the bill is *res judicata* and thus defeat the right of the complainant to a temporary injunction. *Dal Pino v. Board of Commissioners,* 151 Ill. App. 245.

*Dunne v. County of Rock Island,* 273 Ill. 53, clearly indicates that if a defendant files an answer to the bill, denying its material averments, he may show, if he can, that an injunction should not issue. It seems to us that if an answer shows that the question sought to be litigated is *res judicata* it would be highly improper to award a temporary injunction.

Appellees insist that affidavits filed in support of the bill and in support of the answer cannot be considered because they have not been preserved in a certificate of evidence. Their contention in that regard is sound. Our conclusions are based solely upon the

bill and answer and the exhibits thereto attached and made parts thereof. Appellees did not except to the answer nor did they see fit to amend their bill so as to show, if they could, that the alleged invalidity of amended by-law 42 was not one of the causes of action relied upon in the *Jenkins* case. The order awarding a temporary injunction is reversed.

*Reversed.*