The People of the State of Illinois ex rel. Grace R. Nicholson, Appellant, v. The Board of Trustees of the Police Pension Fund of the Village of Hinsdale et al., Appellees.

Gen. No. 9,298.

Opinion filed April 28, 1938. Rehearing denied May 25, 1938.

James W. Breen, of Chicago, for appellant.

Malcolm Mecartney, of Chicago, for appellees.

Mr. Justice Wolfe delivered the opinion of the court. Grace R. Nicholson, the widow of John W. Nicholson, filed a petition in the circuit court of Du Page county for a writ of mandamus against the Board of Trustees of the Police Pension Fund of the Village of Hinsdale. The petition alleges that in 1892 John W.

Nicholson, the husband of the plaintiff, joined the police force of the village of Hinsdale and remained a member thereof until May, 1908; that in May, 1909, the said John W. Nicholson again became a member of said police force and continuously remained a member thereof until January 5, 1926; that on said date he was acting as chief of police of the village of Hinsdale; that the said John W. Nicholson resigned from such police force on January 5, 1926; that on September 20, 1927, said Nicholson was appointed street commissioner by the president of the board of trustees of the village of Hinsdale.

The petition further alleges that by virtue of the provisions of the ordinances of the village of Hinsdale, in full force and effect at the time said Nicholson was appointed street commissioner, he was by said ordinances made a regular policeman and that as street commissioner, was authorized and directed by said ordinances to have, and to exercise within the village of Hinsdale, the powers of a regular policeman.

The petition further alleges that the ordinance passed by the village of Hinsdale establishing an executive department to be known as the department of police for the village of Hinsdale, provided that said police department shall consist of a chief of police and such other number of officers and policemen as the board of trustees shall from time to time prescribe. The petition contains copies of paragraphs of the ordinance pertinent to the issues involved in this case. The petition also alleges that John W. Nicholson died on March 29, 1931, and all of the said ordinances were in full force and effect at that time.

The defendant filed its answer to the petition and sets forth copies of numerous other ordinances of the village of Hinsdale. It also avers that John W. Nicholson, in addition to being street commissioner for said Village, was also appointed sewer inspector, sealer of

weights and measures, and health officer, and was acting in these capacities at the time of his death, March 29, 1931, and that for such services he was paid a salary of from $225 to $245 per month, but was paid nothing as a member of the regularly constituted police force of said Village. It denies that, under the ordinances of said Village, the street commissioner, by virtue of the provision of said ordinance, was a regular policeman of the Village, or that John W. Nicholson, after January 1, 1926, was ever a member of the regularly constituted police force of the village of Hinsdale, and denies that the petitioner is entitled to the relief as prayed for.

The village of Hinsdale alleges that the cause of action upon which this suit is predicated has been fully and finally adjudicated by courts of competent jurisdiction in a former proceeding and is, therefore, barred on the principles of *res adjudicata*. The answer then sets forth the facts and circumstances of the former case in which the petitioner sued for a writ of mandamus to compel the village of Hinsdale to grant her a pension. That case was brought to this court on appeal and is reported in 281 Ill. App. 394.

To this answer, Grace R. Nicholson filed a reply which expressly denies that the rules of *res adjudicata* are applicable, and also denies pertinent facts as set forth in the answer. The case was submitted to the court for a hearing, who found that the petitioner was not entitled to the relief prayed for and dismissed the suit. It is from this order that the appeal is prosecuted.

It is insisted by the appellant that at the time of his death, John W. Nicholson was a regular member of the police force of the village of Hinsdale and that under the statute of the State of Illinois his widow was entitled to a pension. She bases her right to the pension on the grounds that her husband was street com-

missioner of said Village at the time of his death and that the ordinances of said Village give such street commissioner police powers, and therefore he was a regular policeman of said Village. She bases her claim on the wording of the ordinance creating the police force of said Village and subsequent ordinances defining the powers of policemen, especially the language of the ordinance in which it says, ''There is hereby established an executive department of the Village of Hinsdale which shall be known as the department of police, which shall consist of a chief of police and such number of other officers and policemen as the board of trustees shall, from time to time, prescribe.'' The appellant insists that the wording ''other officers'' means other officers of equal rank, as chief of police, and that the wording of this ordinance is broad enough to include the street commissioner of said city.

It is not disputed that John W. Nicholson, in his lifetime, had served in the police department for more than 25 years, prior to the time he resigned in 1926, or that he served as street commissioner for several years and was serving as such at the time of his death in 1931, or that he received a salary for street commissioner and the other positions he held, but did not receive any salary as a member of the police force. There is a question as to whether John W. Nicholson did perform any duties of a policeman after his resignation as chief of police.

We cannot agree with the theory of the appellant that the words ''other officers'' as used in this ordinance refer to officers other than policemen, but we think this language applies solely to other officers in the police force besides the chief of police. The burden of proof is upon the petitioner to show that she has a right to this writ. It is our conclusion that the petitioner failed to show that her deceased husband, John W. Nicholson, was a regular member of the police

force while he was serving as such street commissioner and that the trial court properly held that he had not been such member of the police force since January 5, 1926.

There is a further reason why this suit cannot be maintained. The answer of the village of Hinsdale alleges the defense of *res adjudicata,* that is, that the same question was presented to the circuit court at a former hearing, in which Grace R. Nicholson filed a suit for a writ of mandamus against the Board of Trustees of the Police Pension Fund of the Village of Hinsdale to compel them to grant her a pension because her husband had been a member of the police force of the village of Hinsdale for more than 25 years prior to January 5, 1926. This suit was filed several months after the death of John W. Nicholson. The trial court in that suit found that John W. Nicholson had been a member of the police force for the statutory period and that the petitioner was entitled to a pension and ordered the said board of trustees to pay Mrs. Nicholson $800 annually. The case was appealed to this court and was reversed because the proof did not show that the village of Hinsdale in 1926 had a population of 5,000 or more. Therefore, the Police Pension Act was not applicable to the village of Hinsdale.

Both parties to this litigation have cited numerous cases, both for and against the proposition that the former suit settled the rights of the petitioner and the defendants and is a bar to this suit.

In the early case of *Rogers v. Higgins,* 57 Ill. 244, the Supreme Court, in discussing the rules applicable to such cases, uses this language, ''A party cannot have a cause of action adjudicated upon piecemeal, in this way. When the complainant before presented his cause of action before the court, he should have brought forward and urged all the reasons which then existed, for the support of it. The controversy cannot be re-

opened to hear an additional reason, which before existed, and was within the knowledge of the party, in support of the same cause of action. No one should be twice vexed for the same cause of action. This principle of *res adjudicata,* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved, and which might have been raised and determined in it. The appellant has had his day in court as respects this cause of action, an alleged equity growing out of the execution of said contract and deed. That must suffice. He cannot be heard again in respect to that.''

A case frequently cited on this subject is *Bacon v. Reichelt,* 272 Ill. 90, in which it is said: ''It was the duty of the appellant to set up in the proceeding his interest in the premises, and the decree in that case is conclusive upon him, not only as to the issues which were actually made and determined in the case, but also as to every matter which was properly involved and which might have been raised and determined. A prior adjudication between the same parties is conclusive upon them, not only as the matters actually determined, but as to every other thing within the knowledge of the parties which might have been set up in a ground for relief or defense.''

In the case of *Schmidt v. Modern Woodmen of America,* 261 Ill. App. 276, we find this language: ''From the bill and answer in the case at bar, the decree in the *Jenkins* case and the opinion of the Supreme Court affirming the same, it clearly appears that one of the causes of action relied upon in the *Jenkins* case was the alleged invalidity of amended by-law 42. The cause of action set out in the present bill is the alleged invalidity of the same by-law. Appellees cannot make it a new or different cause of action by averring that the by-law is invalid and void for other known reasons which could have been but were not presented to the

court in the *Jenkins* case. A single cause of action cannot be litigated piecemeal. When a cause of action has been finally adjudicated that ends the controversy." Many other cases, both of our Appellate and Supreme Court, have followed these decisions.

We have examined the cases cited by the appellants, but find none that announce a different rule from the ones from which we have quoted. In the former case in which Mrs. Nicholson filed a petition for a writ of mandamus, she asked that the Board of Trustees of the Village of Hinsdale be compelled to grant her a pension because her husband had been a member of the regular police force of the village of Hinsdale. This action was filed after the death of the husband. She had knowledge of all the facts that are presented in this petition at the time the former petition was filed. The parties to the suits are identical. The relief sought, and the subject matter, are based upon the same cause of action in each suit.

It is our conclusion that the plea of *res adjudicata* is sustained and is a bar to the present action.

The judgment of the circuit court of Du Page county in hereby affirmed.

*Judgment affirmed.*